UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

――――――――――――――――――X

ANGELO LOMBARDO,

             Plaintiff,          CIVIL ACTION NO. 02-CV-2960

v.

                                              **DEFENDANT'S ANSWER AND**
LOCKHEED MARTIN CORPORATION,     **SEPARATE DEFENSES TO AMENDED**
             Defendant.                    **COMPLAINT**

――――――――――――――――――X

      Defendant, Lockheed Martin Corporation (hereinafter "Lockheed"), a Maryland corporation with a place of business at 100 Campus Drive, Newtown, Pennsylvania, by and through its undersigned attorneys, states in Answer to the Amended Complaint:

## AS TO JURISDICTION AND VENUE

      1.     Lockheed admits that plaintiff purports to invoke this Court's jurisdiction pursuant to the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. § 621 et seq., 28 U.S.C. § 1331, and the Pennsylvania Human Relations Act (PHRA) 43 PS 951 et seq., but denies there exists any basis either in law or fact for plaintiff's claims.

      2.     The allegations contained in paragraph 2 require a legal conclusion and, therefore, no response is necessary.

## AS TO THE PARTIES

      3.     Lockheed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, the allegations are denied.

      4.     Lockheed admits the allegations contained in paragraph 4.

NE:72657.1

5. Lockheed admits the allegations contained in paragraph 5.

## AS TO THE ADMINISTRATIVE PROCEDURES

6. Lockheed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, the allegations are denied.

7. Lockheed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, they are denied.

## AS TO THE FACTUAL ALLEGATIONS

8. Lockheed denies the allegations contained in paragraph 8.

9. Lockheed lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, they are denied.

10. Except to admit that plaintiff received periodic salary increases and performance reviews, the content of which speak for themselves, Lockheed denies the allegation contained in paragraph 10.

11. Lockheed admits the allegation contained in paragraph 11.

12. Except to admit that management prepared a performance appraisal of plaintiff covering the period January 26, 1999 through June 30, 1999, the content of which speaks for itself, Lockheed denies the allegations contained in paragraph 12.

13. Lockheed denies the allegations contained in paragraph 13.

14. Lockheed denies the allegations contained in paragraph 14.

15. Except to admit that plaintiff was informed of his layoff by memorandum dated September 1, 1999, the content of which speaks for itself, Lockheed denies the allegations contained in paragraph 15.

16. Lockheed denies the allegations contained in paragraph 16.

17. Lockheed denies the allegations contained in paragraph 17.

18. Lockheed denies the allegations contained in paragraph 18.

## AS TO COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

19. Lockheed denies the allegations contained in paragraph 19.

20. Lockheed denies the allegations contained in paragraph 20.

## AS TO DAMAGES

21. Lockheed denies the allegations contained in paragraph 21.

## AS TO COUNT II
## PENDENT JURISDICTION

22. Lockheed denies the allegations contained in paragraph 22.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Lockheed employed plaintiff on an at-will basis and, therefore, could terminate his employment at any time with or without notice and with or without cause.

## THIRD SEPARATE DEFENSE

The Complaint is barred because the applicable administrative procedures and conditions precedent were not properly effectuated or complied with prior to the commencement of this action.

## FOURTH SEPARATE DEFENSE

Plaintiff has waived any claim he may have, which is denied, to seek relief against Lockheed.

## FIFTH SEPARATE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

## SIXTH SEPARATE DEFENSE

Plaintiff is barred from relief due to his failure to mitigate damages.

## SEVENTH SEPARATE DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitation.

## EIGHTH SEPARATE DEFENSE

Lockheed relied on legitimate nondiscriminatory factors other than age in its decision to terminate plaintiff's employment.

**WHEREFORE**, Defendant, Lockheed Martin Corporation, requests judgment be entered in its favor and against Plaintiff dismissing the Complaint against it with prejudice, together with its attorneys' fees and cost of suit.

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendant
Lockheed Martin Corporation

By: _____
ROBERT H. BERNSTEIN
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 642-1900

Dated: September 5, 2002

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer and Separate Defenses, on behalf of defendant, Lockheed Martin Corporation, has been served upon plaintiff this day via first class mail to Steven A. Cotlar, Esq., Law Offices of Steven A. Cotlar, attorneys for plaintiff, at 23 West Court Street, Doylestown, PA 18901. I also caused the original of the foregoing document to be served via first class mail to the Clerk, United States District Court, Eastern District of Pennsylvania at U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.

                                                    Diane Cismowski

Dated: September 5, 2002

NE:75532.1